IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

FILED MAILROOM
JAN 10 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Quad Int'l, Incorporated
d.b.a. The SCORE Group,:

        Plaintiff,

v.

John Doe,
IP Address: 76.21.199.233;

        Defendant.

Civil Action No. 1:12-1261 (LMB/IDD)

## DEFENDANT JANE DOE'S MOTION TO QUASH OR MODIFY SUBPOENA AND TO SEAL

Defendant Jane Doe, IP Address 76.21.199.233 respectfully requests that the Court quash Plaintiff's subpoena, or, if the Court won't quash the subpoena that the Court modify the subpoena as Defendant requests for the following reasons, and that the Court seal Jane Doe's name:

1. I am a woman and request that I be referred to as "Jane Doe" in the future.

2. I have researched the Plaintiff and learned that they make pornographic "adult films."

3. I assume that Plaintiffs seek to discovery my identity and contact information because they believe that I downloaded one of their adult films.

4. I have not downloaded "Knock My Socks Off," the film Plaintiff alleges that I downloaded through computer software called "BitTorrent" or through any other means.

5. I believe that another person living within my apartment building or otherwise close enough to access my computer network accessed it and used my network and IP

address to download this movie, if Plaintiffs are even correct in asserting that someone, using my IP address, downloaded this adult film.

6. I have researched other lawsuits that Plaintiff has filed against other "John Doe" defendants throughout the United States and have learned that other Federal Courts in the country "share the concern of other courts that some plaintiffs are using litigation as part of their business model or engaging in improper litigation tactics...." Please see the order of District of Minnesota Magistrate Judge Jeanne Graham at page 6, which I have enclosed with this Motion.

7. I have further researched this type of lawsuit against John Doe defendants, which have been brought by numerous makers of adult films and learned from websites that document such lawsuits like www.dietrolldie.com that Plaintiffs, like this one, never actually follow-through on their lawsuits because it makes no sense to spend thousands of dollars to try and prove the infringement of a copyrighted video that costs less than $100, especially when Plaintiffs would be responsible for paying the attorney fees of defendants if Plaintiffs do not win their copyright claims.

8. Instead, I have learned that Plaintiffs in these type of cases use the information that they seek to learn about me for the purposes of mailing, calling, and e-mailing unreasonable demands for about $3,500 as a settlement to avoid naming an individual in a lawsuit. This amount is about 100 times the cost of a typical adult film.

9. I believe that the Plaintiff in this case is suing me in order to try and extort thousands of dollars for me in order to avoid the embarrassment of being sued for allegedly downloading adult films.

10. Because I believe that the Plaintiff only wishes to threaten me with embarrassment and will harass me using every available means of communication, I ask this

Court to quash Plaintiff's subpoena because having my name released to Plaintiffs will cause me personal embarrassment and subject me to unfair and unreasonable harassment.

11. If the Court will not quash the subpoena, I ask that the Court review Judge Graham's order that I have attached and modify the subpoena that it has issued in the following ways:

    a. Only allow Plaintiffs to discover my name and address. As Judge Graham noted in the attached order: "[in] *AF Holdings, LLC v. Doe*, Civ. No. 12-1445 (JNE/FLN) (D. Minn. Aug. 3, 2012), ECF No. 10)....To protect the unidentified defendants, the court limited the scope of the subpoenas to the names and current address of the defendants and established protocols for service, objections, use of the information, and costs of production. *Id.* at 5-6."

    b. As I understand the legal process in this Court, the Plaintiff does not need my phone number, e-mail address, or Media Access Control Address to name me in a lawsuit or otherwise interact with me through the legal process. I respectfully ask the Court to only allow the Plaintiff to learn my name and address if it will not quash the Subpoena, so that Plaintiffs may not harass me by contacting me through private means of communication.

    c. I ask that the Court adopt Judge Graham's requirement, which I will quote: "Within one day of extending any offer to settle to John Doe or having any other contact with John Doe, Plaintiff shall disclose the offer or contact to the Court by filing under seal a copy of (1) any written communication or (2) a transcript of any oral communication. Plaintiff shall also send a courtesy copy of each sealed document to the Court's chambers."

d. I further ask that this Court strongly consider what Judge Graham said and, if it will not quash this Subpoena, modify it accordingly in light of what she said: "The Court will take this opportunity, though, to admonish the practice of filing lawsuits for the improper purpose of demanding quick settlements under a threat of public exposure."

e. I believe that, if the Court will not quash this Subpoena, adopting Judge Graham's language as set forth above will protect me from harassment by Plaintiffs because they must report everything they say to me as an unrepresented party to this Court, and I trust the Court to determine if the Plaintiff treats me unfairly, that is, to determine if the Plaintiff is improperly threatening me with public exposure just to get me to pay them a settlement.

f. Finally, as I understand the legal system, if Plaintiff names me in a lawsuit, I have the opportunity to ask this Court that the lawsuit be dismissed. If the Court will not quash the Subpoena, I ask that the Court require that I not be named publicly as a defendant in this lawsuit until I have the chance to seek its dismissal, because it would be unfair to cause me the embarrassment of being named in a lawsuit that states or strongly implies that I unlawfully downloaded adult films only to have the lawsuit then dismissed.

12. I understand that the Court will need to contact me in the future, but I do not wish Plaintiff to have access to my contact information. As such, **I have submitted a Motion to Plaintiff and this Court signed as only "Jane Doe" but also a different Motion with my true signature and contact information to the Court. I request that the Court seal the Motion with my contact information and not publish the Motion with my true**

4

**signature and contact information but instead publish the Motion signed as Jane Doe.**

13. I thank the Court for considering this Motion and hope that it will grant it.

Dated: January 7, 2013

*Jane Doe*

Jane Doe, IP Address 76.21.199.233

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing

(1) __Motion to Quash or Modify Subpoena and to Seal__, was mailed this (2) __9__ Day of (3) __January, 2013__, to (4) __Timothy V. Anderson, and Comcast__ at (5) __2492 North Landing Rd Ste. 104 Virginia Beach, VA 23456 / (866)-947-55-87 (Comcast fax)__

_____Jane Doe_____
(Your Signature)

### Instructions

YOU must send a copy of every motion, pleading or document to the defendant(s) or counsel for defendant(s). If you do not send a copy to the defendant(s) or counsel for the defendant(s), the court will not be able to consider your document.

You must prepare and submit one certificate of service for EACH motion, pleading, or document you wish to have considered by the court.

Complete each blank as directed:

(1) Describe the document you are submitting to the court and sending to the defendant(s). (Remember: you should attach a Certificate of Service to each motion, pleading, or document you wish to have considered by the court.)

(2) Day of the month that you give the document to officials for mailing to the defendant(s) or counsel for the defendants(s).

(3) Month and year.

(4) Name of person(s) to whom you are sending a copy of the document. If you send it directly to the defendant(s), list each defendant to whom you send a copy. If you send it to counsel for the defendant(s), list only the name(s) of counsel.

(5) Address(es) that copy is being mailed to.

**NOTE: YOU MUST SIGN THIS FORM.** The court will not accept this form without an original signature.